# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

    Plaintiff,

v.

HESS RETAIL STORES LLC and
SPEEDWAY LLC,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues HESS RETAIL STORES LLC and SPEEDWAY LLC, (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, HESS RETAIL STORES LLC, owned and

operated a commercial shopping center at 10675 NW 41st Street, Doral, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6. At all material times Defendant HESS RETAIL STORES LLC, was a Foreign Limited Liability Company with its principal place of business in Enon, Ohio and conducted a substantial amount of business in Doral, Florida.

7. At all material times, Defendant SPEEDWAY LLC and operated a retail business at 10675 NW 41st Street, Doral, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Doral, Florida.

8. At all material times Defendant SPEEDWAY LLC was a Foreign Limited Liability Company with its principal place of business in Enon, Ohio and conducted a substantial amount of business in Doral, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendant regularly conduct business within Miami-Dade, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade, Florida.

## FACTUAL ALLEGATIONS

10. Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses

and properties.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

15. The subject Commercial Property is open to the public and is located in Miami, Miami-Dade County, Florida.

16. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include a visit to the Commercial Property and businesses located within the Commercial Property on or about January 16, 2020, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein. He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately eleven (11) miles from his residence, and is near his friends' residences as well as other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property within thirty (30) days of the filing of this Complaint.

17. Plaintiff is domiciled nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within thirty (30) days from the filing of this Complaint.

18. The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

19. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

20. Defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC, own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC, is responsible for complying with the obligations of the ADA. The place of

public accommodation that Defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC, own and operate the Commercial Property Business located at 10675 NW 41st Street, Doral, Florida.

21. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property

22. and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Paragraph 27 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

23. Defendant, HESS RETAIL STORES LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Paragraph 27 of this Complaint. Defendant SPEEDWAY LLC, is jointly and severally liable for all the ADA violations listed in Paragraph 27 of this Complaint.

24. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not

necessarily limited to the allegations in Paragraph 27 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

25. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## ADA VIOLATIONS

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27. Defendants, HESS RETAIL STORES LLC and SPEEDWAY LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

**Common Areas**

A. <u>Parking</u>

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The Plaintiff could not traverse through areas of the store, as the required 36" path isn't provided due to objects that obstruct the path of travel. Violation: There isn't a continuous path of travel connecting all essential elements of the store, in violation of Sections 4.2.1 & 4.3.3 of the ADAAG, 28 CFR 36.211, and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

C. <u>Public Restrooms</u>

i. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 1½" below a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26.2 of the ADAAG and Section and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

28. The discriminatory violations described in Paragraph 27 are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

29. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30. Defendants have discriminated against the individual Plaintiff by denying him

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate its businesses, located at and/or within the commercial property located at 10675 NW 41st Street, Doral, Florida, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 10, 2020

        **GARCIA-MENOCAL & PEREZ, P.L.**

        *Attorneys for Plaintiff*
        4937 S.W. 74th Court
        Miami, Florida 33155
        Telephone: (305) 553-3464
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mails: bvirues@lawgmp.com
                            aquezada@lawgmp.com

        By:    */s/ Anthony J. Perez*
              ANTHONY J. PEREZ
              Florida Bar No.: 535451
              BEVERLY VIRUES
              Florida Bar No.: 123713