UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21062-CMA

DOUG LONGHINI,

    Plaintiff,

v.

SPEEDWAY LLC,

    Defendant.
_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, DOUG LONGHINI ("Plaintiff") and Defendant SPEEDWAY LLC ("Defendant") (collectively the "Parties"), by and through their undersigned counsel, hereby submit their Joint Pretrial Stipulation pursuant to Local Rule 16.1(e) and the Court's Order Setting Bench Trial and Pre-Trial Schedule [ECF No. 13] dated April 16, 2020, and state as follows:

**I.**

    **STATEMENT OF THE CASE**

  **A. Plaintiff's Statement**

Plaintiff DOUG LONGHINI has a qualified disability under the American with Disabilities Act ("ADA").

Defendant, SPEEDWAY LLC, owns, operates, and maintains a gas station location at 10675 NW 41st Street, Doral, Florida. This gas station includes both fuel pumps as well as a convenience store. Defendant's gas station location is a place of public accommodation pursuant to the ADA. Mr. Longhini visited the gas station location on multiple occasions to include a visit on January 16, 2020, and encountered several barriers to access at the

Defendant's place of public accommodation in violation of the ADA.

Mr. Longhini has standing to bring this action because Plaintiff has alleged an injury-in-fact, causation of the injury by the Defendant's conduct, and the certainty the relief requested will address the injury. Mr. Longhini is an individual with disabilities as defined by the ADA, he has visited the subject property as a patron and intends to return on October 10, 2020, in conjunction with a meeting in that area regarding his not for profit and to verify that the property is in compliance with the ADA. Mr. Longhini has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property at issue. While the Defendant has claimed to have remediated the interior barriers, the exterior barriers remain.

Plaintiff's Expert Charles Childers conducted a Rule 34 Inspection in the presence of a corporate representative for the Defendant and counsel for all parties. The report confirmed the existence of various barriers to access on the Property. Defendant provided a rebuttal report from its expert, Larry M. Schneider dated September 28, 2020, which also identified barriers to access on the Property. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992. The report prepared by Plaintiff's expert concludes that the removal of the barriers is readily achievable, and even Defendant's rebuttal report confirms that the barriers can be removed.

Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the gas station, as prohibited by 42 U.S.C. § 12182 et seq.

### B. Defendant's Statement

In his Complaint, Plaintiff alleges that he encountered several architectural barriers at the Speedway gas station located at 10675 NW 41st Street, Doral, Florida ("Speedway Doral") on January 16, 2020. Specifically, Plaintiff alleges that he encountered (1) an excessive slope in the designated accessible parking space; (2) an excessive slope in the access aisle adjacent to the designated accessible parking space; (3) an obstructed path of travel in the convenience store located on the subject property (later revealed to be 2-liter soda bottles staged in the hallway leading to the men's restroom in the convenience store following a delivery); (4) a grab bar in the men's restroom located less than the required distance above the toilet paper dispenser; and (5) the mirror in the men's restroom mounted above the maximum vertical distance from the floor.

Footage from Speedway Doral's video surveillance system shows that Plaintiff did not encounter any of the barriers he alleges in his Complaint on January 16, 2020. Plaintiff has not been back to Speedway Doral since his initial visit, , and discovery in this case did not reveal any evidence that Plaintiff had concrete plans to return to Speedway Doral at any time in the future. Accordingly, despite his belated allegation that he now intends to again visit Speedway Doral on October 10, 2020, the likelihood of future discrimination against Plaintiff is nothing more than conjectural, hypothetical, and contingent, and he therefore lacks standing.

Plaintiff's expert Charles Childers conducted a Rule 34 inspection of the Speedway Doral premises seven months after Plaintiff's January 2020 visit to the facility. This inspection was not limited to the areas complained of in Plaintiff's Complaint. In a report drafted following this inspection (the "Rule 34 Report"), Mr. Childers identifies additional purported architectural barriers not alleged in the Complaint, including small gaps in the concrete

comprising the exterior accessible path of travel, an exterior electrical box protruding one half-inch beyond the distance permitted under the ADA Accessibility Guidelines, and the use of a flat panel-type door handle on the convenience store's entrance doors. None of these additional barriers are alleged in the Complaint. Nor does Plaintiff claim to have encountered any of these barriers. Because Plaintiff encountered neither the architectural barriers alleged in his Complaint nor the barriers described in Mr. Childers' Rule 34 Report, he does not have standing to seek relief related to any of these barriers.

Nevertheless, despite Plaintiff's lack of standing and inability to prove his claims, Speedway is committed to ensuring that its facilities are accessible to individuals with disabilities when it is readily achievable and not an undue burden. As a result, Speedway has either completed remediation of each of the architectural barriers claimed in Plaintiff's Complaint or, in the case of the slope-related issues in the parking lot, in in the process of completing the necessary remediation.[1] In addition, Speedway has either remediated each of the architectural barriers described in Mr. Childer's Rule 34 Report or, as is the case with the gaps in the concrete, will do so once work on the parking-lot slope issues commences. Speedway's remediation has therefore rendered Plaintiff's claims moot.

II. **BASIS OF FEDERAL JURISDICTION**

The basis of federal jurisdiction in this matter arises under 28 U.S.C. § 1331 and Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA").

---

[1] Speedway's permit application for relocation of the accessible parking space and associated re-grading of the parking lot was submitted to the City of Doral Building Department under a priority review basis, but remains pending at this time. Once the City of Doral approves Speedway's permit application, contractor Great Dane Petroleum will promptly commence work on the parking lot.

|      | **THE PLEADINGS RAISING THE ISSUES** |
|------|--------------------------------------|

      **A**.     Plaintiff, Doug Longhini Complaint dated March 10, 2020.[2] [ECF No. 1].

      **B**.     Defendant's Answer and Defenses dated April 1, 2020. [ECF No. 9].

**III.** **UNDISPOSED MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT**

      **A.**     Plaintiff's Motion for Summary Judgment [ECF No. 25].

**IV.**     **B.**     Defendant's Motion for Summary Judgment [ECF No. 27].

**CONCISE STATEMENT OF UNCONTESTED FACTS**

**V.**     **A.**     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.

      **B.**     Defendant, SPEEDWAY LLC, is a Delaware Limited Liability Company with its principal place of business in Enron, Ohio.

      **C.**     Defendant owns and operates Speedway Doral, which is located at 10675 NW 41st Street, Doral, Florida.

      **D.**     The Defendant owns and operates the gas station and convenience store located at Speedway Doral.

      **E.**     Speedway Doral is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.

      **F.**     Plaintiff visited Speedway Doral on January 16, 2020.

      **G.**     Plaintiff has not been back to Speedway Doral since January 16, 2020.

---

[2] On April 1, 2020, the parties filed a Joint Stipulation dismissing Hess Retail Stores LLC from this action. *See* Joint Stipulation Dismissing Hess Retail Stores [ECF No. 8].

  **H.** Defendant has remediated all of the architectural barriers described in the Complaint located in the interior of the Speedway Doral convenience store but not in the exterior.

  **I.** Defendant has submitted a permit application to the City of Doral for relocation of the accessible parking space to an area with an acceptable slope.

**ISSUES OF FACT WHICH REMAIN TO BE LITIGATED.**

**Issues of Fact Plaintiff Contends Must Be Litigated**

**VI.**

  **A.** Whether there are any architectural barriers on Defendant's property which violate the ADA whose resolution is readily achievable.

  **B.** Whether there are any architectural barriers within Speedway Doral which violate the ADA, whose resolution is readily achievable.

  **C.** Whether Plaintiff was excluded from participation in Defendant's goods, services, facilities or accommodations because of his disability in violation of the ADA.

  **D.** Whether Defendant has violated the ADA by allegedly denying access to the subject property to Plaintiff.

  **E.** Whether to grant injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

  **F.** Whether to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services.

### Issues of Fact Defendant Believes Must Be Litigated

Defendant contends that the issues Plaintiff believes must be resolved by the finder of fact are actually issues of law. As described in Defendant's pending Motion for Summary Judgment [ECF No. 27], there are no disputed issues of material fact and judgment as a matter of law is appropriate at this time.

### VII. ISSUES OF LAW ON WHICH THERE IS AN AGREEMENT.

    **A.**    The Court has jurisdiction over the parties.

    **B.**    Venue is proper in this Court.

    **C.**    The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

    **D.**    The ADA governs the standards places of public accommodations must meet to be accessible to the public.

    **E.**    The Defendant's property and the business thereon are subject to the ADA must be in compliance with ADA standards.

    **F.**    In order to establish a claim for disability discrimination under Title III of the ADA, a plaintiff must prove (1) that he is disabled, (2) that the property in question is a place of public accommodation; (3) that he was denied full and equal treatment because of his disability; and (4) the resolution of the barriers to access is readily achievable.

    **G.**    To establish standing under Article III of the United States Constitution, a plaintiff must demonstrate that (1) he suffered an injury-in-fact, (2) a causal connection exists between the asserted injury-in-fact and the challenged action of the defendant, and (3) the injury will be redressed by a favorable decision.

VIII. **ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT.**

    **A. The Parties agree the following issues remain for determination:**

        i. Whether Plaintiff has standing to bring his claim.

        ii. Whether an injunction should be entered requiring Defendant to bring its property into compliance with the ADA.

        iii. Whether Plaintiff is entitled to an award of reasonable attorneys' fees, and if so, the amount of said fees.

    **B. Defendant believes the following is also at issue:**

        i. Whether Defendant is entitled to an award of reasonable attorneys' fees, and if so, the amount of said fees.

IX. **EXHIBITS.**

Plaintiff's list of trial exhibits and Defendant's objections to same are attached as Exhibit "A." Defendant's list of trial exhibits and Plaintiff's objections to same are attached as Exhibit "B."

X. **WITNESSES.**

Plaintiff's list of trial witnesses are attached as Exhibit "C." Defendant's list of trial witnesses are attached as Exhibit "D."

XI. **ESTIMATED TRIAL TIME**

The Parties estimate a two to three day trial.

XII. **ESTIMATE OF ATTORNEY'S FEES**

Plaintiff estimates $60,000.00 in attorneys' fees and costs from case inception through trial. Plaintiff also contests that Defendant is entitled to attorney's fees and costs pursuant to

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), particularly in light of the fact that the Defendant has not yet remediated all the ADA violations pled in the Complaint.

Defendant estimates approximately $100,000.00 in attorneys' fees and costs from case inception through trial. Defendant's recovery of attorney fees and costs in this case is appropriate given (1) Plaintiff's lawsuit is frivolous given that he did not encounter any of the architectural barriers alleged in the Complaint, and (2) Plaintiff's continued litigation of this action was unreasonable once Defendant had agreed to remediate the architectural barriers at Speedway Doral.

Respectfully submitted this 9th day of October, 2020.

| | |
|---|---|
| /s/ *Anthony J. Perez* | /s/ *Eric Boos* |
| ANTHONY J. PEREZ | DAN ROGERS |
| Florida Bar No.: 535451 | Florida Bar No.: 195634 |
| | drogers@shb.com |
| GARCIA-MENOCAL & PEREZ, P.L. | ERIC BOOS |
| 4937 S.W. 74th Court, Unit #3 | Florida Bar No.: 0107673 |
| Miami, FL 33155 | eboos@shb.com |
| Telephone (305) 553- 3464 | |
| Facsimile (305) 553-3031 | SHOOK, HARDY & BACON, LLP |
| Primary Email:  ajperezlaw@gmail.com | 201 S. Biscayne Blvd |
| Secondary Email: aquezada@lawgmp.com | Suite 3200 |
| *Attorneys for Plaintiff* | Miami, FL 33131 |
| | Telephone: (305) 358-5171 |
| | |
| | *Attorneys for Defendant, Speedway, LLC* |